UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUSEF SALAAM,<br>RAYMOND SANTANA,<br>KEVIN RICHARDSON<br>ANTRON BROWN,<br>And<br>KOREY WISE,<br><br>    **Plaintiff,**<br><br>v.<br><br>**DONALD J. TRUMP,**<br><br>    **Defendants.** | Case No. 2:24-cv-05560-MMB |

**Defendant's Memorandum in Support of Motion to Recuse the
<u>Honorable Michael M. Baylson</u>**

  **AND NOW COMES** Defendant, by and through undersigned counsel, who respectfully requests that the Honorable Michael M. Baylson recuse himself from presiding over the above-captioned matter pursuant to 28 U.S.C. § 455, for the reasons set forth below:

**I. INTRODUCTION**

  This motion seeks the immediate recusal of the Honorable Michael M. Baylson based on his personal relationship with counsel for the Plaintiffs, which raises reasonable concerns regarding the impartiality of the proceedings.

  Pursuant to 28 U.S.C. § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Additionally, under § 455(b)(1), a judge is required to recuse himself if he has a personal bias or prejudice.

1

## II. FACTUAL BACKGROUND

Plaintiffs' counsel recently made Defendant aware of a significant personal connection between the Honorable Michael M. Baylson and Shanin Specter, lead counsel representing Plaintiffs in this action. *See* Declaration of Karin Sweigart ("Sweigart Decl."), ¶2 and Exhibit A (letter to Defendant by Shanin Specter dated November 13, 2024). Specifically, Mr. Specter stated that he has personally represented both the Honorable Michael M. Baylson and his wife. *Id.* Mr. Specter also stated that he has known and enjoyed a friendship with Judge Baylson since he was a child, and that both the Judge and his wife have been guests in Mr. Specter's home on various occasions. *Id.* The letter further stated that Mr. Specter and his wife have been guests in the home of the Judge and his wife. *Id.*

Given the longstanding personal and professional connection between the Honorable Michael M. Baylson and Shanin Specter and their respective family members, Defendant respectfully submits that a reasonable person would question the Court's impartiality in this matter, and therefore seeks recusal.

## III. ARGUMENT

Under 28 U.S.C. § 455(a), a judge must recuse himself where his "impartiality might reasonably be questioned," focusing not on actual bias but on the appearance of fairness to a reasonable observer. The purpose of this standard is to uphold public confidence in the integrity of the judiciary, ensuring that justice is not only administered impartially but appears so to the public and to the parties involved. Under 28 U.S.C. § 455(b)(1), recusal is also warranted if a judge has a "personal bias or prejudice concerning a party."

While courts have held that a judge does need not disqualify himself just because a friend—even a close friend—appears as a lawyer before the judge (*e.g., In re United States,* 666 F.2d 690 (1st Cir.1981); *Parrish v. Board of Commissioners,* 524 F.2d 98 (5th Cir.1975) (en banc). *Cf. Merit Ins. Co. v. Leatherby Ins. Co.,* 714 F.2d 673, 680 (7th Cir.), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 529, 78 L.Ed.2d 711 (1983)), when the association exceeds "what might reasonably be expected" in light of the associational activities of an ordinary judge (*Parrish, supra,* 524 F.2d at 104), the unusual aspects of a social relation may give rise to a reasonable question about the judge's impartiality. *United States v. Murphy,* 768 F.2d 1518, 1537–38 (7th Cir. 1985). For example, in *Murphy*, the court found that the judge and lawyer being close enough to take a vacation exceeded reasonable expectations of a lawyer/judge relationship.

The governing authorities require recusal in this case. The longstanding close, personal relationship between the Honorable Michael M. Baylson and Shanin Specter creates a perception of potential partiality in favor of Plaintiffs, undermining the appearance of fairness to a reasonable observer. The Honorable Michael M. Baylson and their wives are closely acquainted, have hosted each other at their homes, and have been friends since childhood. Shanin Specter has also legally represented the Honorable Michael M. Baylson and his wife. Their relationship rises above the normal friendship between a lawyer and a judge.

The inquiry into whether a judge's "impartiality might reasonably be questioned," is an objective one, and the Court must determine whether "a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (quoting *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983)).

A reasonable man, knowing the circumstances of the personal relationship between the Honorable Michael M. Baylson and Plaintiffs' counsel, could harbor doubts concerning

3

impartiality. As such, and given § 455(a)'s purpose of protecting the public's confidence in the judiciary (*United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994)), recusal is necessary and proper – particularly in a high-profile case involving a Presidential Debate and a President-Elect defendant, where the public's confidence in the judiciary is all the more critical.

## IV. CONCLUSION

To preserve the integrity and impartiality of these proceedings, Defendant respectfully requests that the Honorable Michael M. Baylson immediately recuse himself from this case.

**WHEREFORE,** Defendant respectfully requests that this Court grant the motion for recusal and reassign this matter to another judge to eliminate any appearance of partiality or bias in favor of any party.

Dated: November 14, 2024                                   Respectfully submitted,

By: /s/ Karin M. Sweigart
Karin M. Sweigart (PA No: 247462)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
Facsimile: 415-520-6593
ksweigart@dhillonlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this action.

Dated: November 13, 2024

                                                By: /s/ Karin M. Sweigart