

177 Post Street, Suite 700 | San Francisco, CA 94108
Karin Sweigart
Phone: 415.433.1700
ksweigart@dhillonlaw.com

November 19, 2024

**The Honorable Beetlestone**
United States District Court for the Eastern District of Pennsylvania
10614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Beetlestone@paed.uscourts.gov

    **Re: Salaam, et al. v. Trump, Case No. 2:24-cv-05560-WB**

Dear Judge Beetlestone,

    On behalf of Defendant Donald J. Trump and pursuant to local procedure under Rule 12(b), we respectfully request a Pre-Motion to Dismiss Conference regarding our anticipated motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Pennsylvania's anti-SLAPP statute, 42 Pa.C.S. § 8340.11 et seq. The motion seeks dismissal of Plaintiffs' claims as legally insufficient and meritless. Below is a summary of the motion's arguments and supporting authority for your consideration. This conference will allow the parties to address key legal deficiencies in Plaintiffs' claims before proceeding further in this matter and ensure judicial resources are conserved by avoiding unnecessary litigation.

    Plaintiffs' claims stem from statements made by President-Elect Trump during the 2024 Presidential Debate – a public exchange on significant matters of political and social interest – in response to political attacks about his decades-old commentary on the Central Park Five case. Plaintiffs allege that these statements, addressing public safety and criminal justice, constitute defamation, false light, and intentional infliction of emotional distress. However, these claims fail on both procedural and substantive grounds, and Plaintiffs' attempt to use the courts to silence political discourse is barred by Pennsylvania's robust protections for free speech.

    President-Elect Trump's statements about the Central Park Five, made in the context of responding to accusations during a nationally televised debate, squarely fall within the protections afforded by Pennsylvania's anti-SLAPP statute. Federal courts consistently apply substantive provisions of state anti-SLAPP protections like immunity and fee-shifting. See *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999); *Godin v. Schencks*, 629 F.3d 79, 91–92 (1st Cir. 2010). Failure to apply Pennsylvania's protections in this case would undermine the statute's purpose and encourage forum shopping, contravening the *Erie* doctrine. See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

    Pennsylvania's anti-SLAPP statute provides immunity for "protected public expression" on matters of public concern, including statements made during a political debate, shielding defendants from meritless lawsuits designed to chill free speech. See 42 Pa.C.S. § 8340.15; *Snyder v. Phelps*, 131 S. Ct.

1207, 1211 (2011) (noting that speech "relating to any matter of political, social, or other concern to the community" qualifies as a public concern). Should the Court grant dismissal, Pennsylvania's anti-SLAPP statute also mandates an award of attorney's fees and costs. See 42 Pa.C.S. § 8340.18. This provision underscores the state's strong interest in deterring baseless lawsuits designed to suppress public discourse, making fee-shifting particularly appropriate in this case.

Additionally, Plaintiffs' claims fail to meet the plausibility standard under Rule 12(b)(6). To survive dismissal under Rule 12(b)(6), Plaintiffs must plead sufficient factual matter to state claims that are plausible on their face. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' complaint fails to meet this standard for several reasons: the statements in question constitute non-actionable opinion, are substantially true, and lack defamatory sting. A statement of opinion is not defamatory unless it implies undisclosed false facts. See *Krajewski v. Gusoff*, 53 A.3d 793, 803 (Pa. Super. 2012). President-Elect Trump's remarks during the debate, which referenced Plaintiffs' past admissions in the Central Park case, represent his interpretation of public information and are protected expressions of opinion.

Further, the statements are substantially true when viewed in their full context, as they must be. Truth is an absolute defense to defamation under Pennsylvania law. See *Bobb v. Kraybill*, 354 Pa.Super. 361, 364 (1986). Plaintiffs admit that they made statements of guilt during their 1989 arrests, which President-Elect Trump accurately referenced in explaining his rationale for placing a newspaper advertisement at the time. The minor distinctions Plaintiffs raise—such as whether they "pled guilty" versus "admitted guilt"—do not alter the "gist" or "sting" of the statements. See *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991).

To be defamatory, a statement must harm a plaintiff's reputation to the extent that it lowers them in the community's estimation. See *Alston v. PW-Philadelphia Weekly*, 980 A.2d 215, 220 (Pa. Cmwlth. 2009). President-Elect Trump's debate remarks, viewed in context, did not convey new or defamatory information. Instead, they recounted his long-held views on public safety and the criminal justice system, reflecting his interpretation of historical events. No reasonable listener would interpret these statements as newly asserting that Plaintiffs are guilty of the Central Park crimes, particularly since President-Elect Trump acknowledged during the debate that Plaintiffs were ultimately exonerated.

Plaintiffs also rely on statements outside the statute of limitations, rendering many of their claims untimely. Several of Plaintiffs' allegations rest on statements made decades ago, including those in President-Elect Trump's 1989 newspaper advertisement. These claims are time-barred under Pennsylvania's one-year statute of limitations for defamation and false light. See 42 Pa.C.S. § 5523(1). The only timely statements are those made during the 2024 debate, which fail to support Plaintiffs' claims for the reasons discussed above.

Plaintiffs' false light claim is equally flawed. Under Pennsylvania law, a false light claim requires a showing that the defendant publicized false information that would be highly offensive to a reasonable person. See *Larsen v. Philadelphia Newspapers, Inc.*, 375 Pa. Super. 66, 81 (1988). As with their defamation claim, Plaintiffs fail to allege that President-Elect Trump's statements were false, nor do they establish that the statements placed them in an offensive false light. See *Monge v. Univ. of Pennsylvania*, 674 F. Supp. 3d 195, 213 (E.D. Pa. 2023) (truth and opinion-based statements are not "false" under Pennsylvania law). President-Elect Trump's comments during the debate contextualized his 1989 actions

and relied on Plaintiffs' own admissions at the time, with no misrepresentation of material facts. Moreover, his acknowledgment of their later exoneration negates any suggestion that the statements were misleading or offensive in a way actionable under false light doctrine.

President-Elect Trump's statements during the 2024 Presidential Debate were not intended to defame Plaintiffs but to explain his rationale for actions taken decades earlier, grounded in his opinions on public safety and the criminal justice system. President-Elect Trump did not have the requisite reckless disregard or malice. In response to accusations regarding his 1989 newspaper advertisement, President-Elect Trump simply articulated his interpretation of the events at that time, specifically referencing Plaintiffs' admissions of guilt made during their arrests. His technically incorrect use of the legal terminology "pled guilty" does not render the statement substantially false, particularly where the effect on the lay audience listener would be the same as the truth (which is that Plaintiffs "admitted" guilt). *See Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991) (minor inaccuracies in terminology do not constitute defamation). President-Elect Trump further emphasized that his views reflected widespread public sentiment of the era, contextualizing his comments as part of a broader discussion on crime and justice. Importantly, he also acknowledged that the Plaintiffs were later exonerated, making clear that his remarks were not intended to assert current guilt. Viewed in their entirety, President-Elect Trump's statements represent his protected opinions based on disclosed facts, which are protected by the First Amendment and not actionable under Pennsylvania law. See *Krajewski v. Gusoff*, 53 A.3d 793, 803 (Pa. Super. 2012).

Plaintiffs' IIED claim also fails as a matter of law. Under Pennsylvania law, conduct must be "so outrageous in character, and so extreme in degree" as to be intolerable in a civilized society. See *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988). Defamation alone, even if actionable, does not rise to this level. See *Cheney v. Daily News L.P.*, 654 Fed. Appx. 578, 583-84 (3d Cir. 2016). Furthermore, Plaintiffs fail to allege medically documented physical symptoms, a necessary element of an IIED claim under Pennsylvania law. See *Richette v. Philadelphia Mag.*, No. 802, 1996 WL 756953, at *3 (Pa. Com. Pl. Jan. 23, 1996).

Plaintiffs' complaint represents an attempt to stifle constitutionally protected speech. The claims are legally deficient, barred by both procedural and substantive law, and fail to overcome threshold standards under Rule 12(b)(6) and the significant immunity protections afforded by Pennsylvania's anti-SLAPP statute. We respectfully request a Pre-Motion Conference to address these issues and streamline the Court's consideration of the motion. We look forward to hearing whether the Court requires any additional briefings or has questions regarding this request.

We thank Your Honor for your attention and considering this request.

Sincerely,

DHILLON LAW GROUP INC.

By: */s/ Karin Sweigart*
Karin Sweigart