# KLINE & SPECTER PC
**ATTORNEYS AT LAW**
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

-------------

SHANIN SPECTER, ESQ.                                                         SHANIN.SPECTER@KLINESPECTER.COM

MAIN: (215) 772-1000
FAX: (215) 772-1359

November 22, 2024

By ECF

The Honorable Wendy Beetlestone
United States District Court for the Eastern District of Pennsylvania
10614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Beetlestone@paed.uscourts.gov

**Re: Salaam, et al. v. Trump, Case No. 2:24-cv-05560-WB**

Dear Judge Beetlestone,

Plaintiffs write in response to Defendant Donald J. Trump's November 19, 2024 letter requesting a pre-Motion to Dismiss Conference, which has now been scheduled for December 5, 2024. For the reasons set forth below, Plaintiffs' Complaint states a claim upon which relief can be granted for each cause of action asserted. Accordingly, Plaintiffs intend to oppose Defendant's forthcoming Motion to Dismiss in its entirety.[1]

As alleged in the Complaint, Defendant made false and defamatory statements about Plaintiffs at a presidential debate that took place in Philadelphia, Pennsylvania on September 10, 2024. ECF #1 at ¶ 41. During the debate, Defendant stated that Plaintiffs pled guilty to crimes relating to a sexual assault that occurred in Central Park on April 19, 1989. *Id.* at ¶ 44. Defendant further stated that Plaintiffs "killed a person" during the assault. *Id.*

---

[1] Defendant correctly acknowledges in his letter that Federal Rule of Civil Procedure 12(b)(6) will govern his Motion to Dismiss. Elsewhere, however, Defendant invokes Pennsylvania's anti-SLAPP statute. While the Third Circuit Court of Appeals has not yet spoken on this issue, district courts within the Third Circuit have concluded that state anti-SLAPP statutes do not apply in federal court because anti-SLAPP statutes "conflict[] with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get to trial." *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs., & Prod. Liab. Litig.*, 553 F. Supp. 3d 211, 221 (D.N.J. 2021) (quoting *Tah v. Global Witness Publishing, Inc.*, 991 F.3d 231, 239 (D.C. Cir. 2021)). In any event, Pennsylvania's anti-SLAPP statute confers immunity where the plaintiff "fails to . . . state a cause of action upon which relief can be granted." 42 Pa. C.S. § 8340.15. As described herein, the Complaint states a cause of action upon which relief can be granted.

1

Defendant's statements were false and defamatory in three respects:

- *First*, Plaintiffs never pled guilty to any crime relating to the Central Park assault. *Id.* at ¶ 49.

- *Second*, no one was killed during the Central Park assault. ECF #1 at ¶ 50.

- *Third*, Plaintiffs were exonerated of all charges relating to the Central Park assault over twenty years ago. ECF #1 at ¶ 52. Publicizing Plaintiffs' criminal proceedings while omitting reference to their subsequent exoneration is itself actionable defamation. *See Purcell v. Westinghouse Broad. Co.*, 191 A.2d 662, 666 (Pa. 1963).

Defendant argues in his letter that his statements at the debate were "non-actionable opinion" because they "represent his interpretation of public information." ECF #21 at 2. This argument is unavailing. Pennsylvania law "distinguishes a statement of fact from a statement of opinion by whether it can be 'objectively determined.'" *Meyers v. Certified Guar. Co., LLC*, 221 A.3d 662, 670 (Pa. Super. 2019) (citing Restatement (Second) of Torts, § 566, Comment (a)). "A statement of fact can be verified as true or false, whereas an expression of opinion only conveys a subjective belief of the speaker." *Id.* Here, Defendant's statements that Plaintiffs pled guilty to a crime and that someone was killed can be verified as true or false—they are both false. Moreover, even where a statement can plausibly be interpreted as opinion, dismissal is still unwarranted if the statement could *also* be interpreted as a statement of fact. *Banonis v. Roney*, 299 A.3d 866 (Pa. Super. Ct. 2023) ("[E]ven where a plausible innocent interpretation of the communication exists, if there is an alternative defamatory interpretation, the issue must proceed to the jury.") (quoting *Gordon v. Lancaster Osteopathic Hosp. Ass'n Inc.*, 489 A.2d 1364, 1368 (Pa. Super. 1985)). Here, there is (at the very least) a jury question as to whether Defendant's statements were of fact, not of opinion.

Defendant next argues that his statements were substantially true because Plaintiffs "made statements of guilt during their 1989 arrests." ECF #21 at 2. As an initial matter, "[d]etermining the truth of an alleged defamatory statement is typically a matter for a jury" and therefore is premature at the motion to dismiss stage. *Eck v. Oley Valley Sch. Dist.*, 431 F. Supp. 3d 607, 633 (E.D. Pa. 2019). In any event, Defendant's statements were not substantially true. "Under Pennsylvania law, proof of substantial truth must go to the 'gist' or 'sting' of the alleged defamatory matter; the test is whether the alleged libel as published would have a different effect on the mind of the reader from which the pleaded truth would have produced." *Id.* (internal quotation marks omitted); *see also Rubin v. CBS Broad. Inc.*, 170 A.3d 560, 567 (Pa. Super. 2017). Here, Defendant's statement was that Plaintiffs pled guilty to the Central Park assault and then changed their plea. The truth is that Plaintiffs—who were between 14 and 16 years old at the time and unrepresented by counsel—gave false confessions which they immediately recanted upon their release from police custody. They then pled not guilty from the very outset of their criminal cases and were subsequently exonerated of all wrongdoing, including by conclusive DNA evidence and the confession of the true culprit.

There is a vast difference between a recanted confession and a guilty plea. The phenomenon of false confessions is widespread and well-reported. *See Reeves v. Fayette SCI*, 897 F.3d 154, 172 (3d Cir. 2018), *as amended* (July 25, 2018) ("According to the National Registry of Exonerations,

roughly half of individuals who have been exonerated following murder convictions involving DNA evidence in the United States since 1989, made a false confession.") (McKee, J., dissenting). In contrast to a confession, when an accused pleads guilty, they are no longer in the coercive setting of a police interrogation, they have had the opportunity to meet with counsel, and they have been afforded all the procedural safeguards of a criminal trial—including a plea colloquy designed to ensure that the accused is acting knowingly, intelligently, and voluntarily. Thus, a jury could reasonably find that falsely stating Plaintiffs pled guilty "would have a different effect on the mind of the [viewer]" than the truth that Plaintiffs gave a recanted confession. *Eck*, 431 F. Supp. at 633. Defendant's letter attempts to minimize these distinctions, but accuracy is important when accusing individuals of serious crimes.[2] This is especially so because Defendant omitted reference to the fact that Plaintiffs were later exonerated and had their charges vacated—an omission which is itself actionable under Pennsylvania law. *See Purcell*, 191 A.2d at 666.[3] Moreover, Defendant's letter completely fails to address the fact that Plaintiffs were never accused of *killing* anyone. Defendant's statement at the debate that Plaintiffs "killed a person" was fabricated from whole cloth.

In addition to their defamation claim, Plaintiffs bring a claim against Defendant for casting them in a false light that would be highly offensive to a reasonable person, which is separately actionable under Pennsylvania law. *See Mallory v. S & S Publishers*, 168 F. Supp. 3d 760, 776 (E.D. Pa. 2016). Defendant's letter argues that Plaintiffs' false light claim is deficient for the same reasons as the defamation claim—namely, that Defendant's statements were either statements of opinion or were substantially true. For the reasons discussed above, these arguments are unavailing, and accordingly, dismissal of the false light claim is unwarranted.

Finally, Plaintiffs bring a claim for intentional infliction of emotional distress. As alleged in the Complaint, Defendant has a decades-long pattern of publicly tormenting and harassing Plaintiffs, which has caused them severe emotional distress. ECF #1 at ¶¶ 66–85.[4] By Defendant's own admission, his conduct toward Plaintiffs is borne out of a desire to make them "suffer." *Id.* at ¶ 81. That is extreme and outrageous. Defendant cites to a Third Circuit case holding that a single newspaper article accusing an individual of being involved in a sex scandal could not give rise to

---

[2] *See, e.g., McGarry v. CBS, Inc.,* No. CIV. A. 91-4638, 1991 WL 280247, at *1 (E.D. Pa. Dec. 23, 1991) (statement that an individual was "convicted" of theft was not substantially true where the individual was charged with theft and agreed to enter a pre-trial diversion program); *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1317 (3d Cir. 1994) (statement that an individual was "charged" was not substantially true when in fact he was administratively sanctioned); *Cate St. Cap. Inc. v. Indus. Intel. Inc.*, No. 1:14-CV-00200-JCN, 2015 WL 12564165, at *4 (D. Me. Oct. 28, 2015) (statement that an individual had been "convicted" of fraud was not substantially true when in fact he had been found civilly liable).

[3] Defendant repeatedly asserts in his letter, without any citation, that he "acknowledged during the debate that Plaintiffs were ultimately exonerated." ECF #21 at 2, 3. This too is false; Defendant made no such acknowledgment during or after the debate.

[4] Defendant argues that Plaintiffs' IIED claim requires "medically documented physical symptoms." ECF #21 at 3. But at the motion to dismiss stage, it is sufficient to allege that Plaintiffs suffered severe emotional harm due to Defendant's conduct. *See Corbett v. Morgenstern*, 934 F. Supp. 680, 684 (E.D. Pa. 1996) (holding that allegations of "severe psychological damage" were sufficient to state a claim for IIED under Pennsylvania law); *Brown v. Monsalud*, No. 1:20-CV-0849, 2021 WL 4502238, at *8 (M.D. Pa. Sept. 30, 2021) ("To the extent Defendants argue that [Plaintiff] does not assert a claim of physical harm that must accompany the emotional distress the court disagrees as ongoing mental and emotional harm are compensable injuries.").

an IIED claim. ECF #21 at 3. But a single false statement in a newspaper article is a far cry from the sustained, 30-year pattern of harassment and torment alleged in the Complaint. *Id.* at ¶¶ 66–85.[5] This is particularly true given Defendant's public admission that he is motivated by a desire to make Plaintiffs "suffer . . . to punish them . . . to [make them] be afraid." *Id.* at ¶ 69. This form of public vendetta against five innocent men is "intolerable in a civilized society." *Cheney v. Daily News L.P.*, 654 F. App'x 578, 583 (3d Cir. 2016).

For the above reasons, the Complaint states a claim on each of Plaintiffs' three causes of action, and dismissal is unwarranted in all respects.

We thank Your Honor for your attention to this matter.

                                                                      Respectfully,

                                                      */s/ Shanin Specter*

                                                     Shanin Specter
                                                     Alex Van Dyke

cc:      All Counsel of Record (via ECF)

---

[5] Defendant argues that much of the alleged conduct is time-barred by Pennsylvania's one-year statute of limitations. ECF #21 at 2. But the Complaint alleges that Defendant's conduct constitutes a continuing pattern of intentional wrongful conduct. ECF #1 at ¶ 101. It therefore is not time-barred. *See Brillhart v. Sharp*, No. 4:CV-07-1121, 2008 WL 2857713, at *5–6 (M.D. Pa. July 21, 2008) ("Pennsylvania decisions have applied the continuing tort theory to intentional tort claims.") (collecting cases).