## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YUSEF SALAAM, RAYMOND SANTANA,** | | |
| **KEVIN RICHARDSON, ANTRON BROWN,** | | |
| **and KOREY WISE,** | | |
| **PLAINTIFFS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DONALD J. TRUMP** | : | |
| **DEFENDANT** | : | **NO. 24-5560** |

### JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on November 26, 2024, and submit to Chambers the following report of their meeting for the Court's consideration:

1.    **Discussion of Claims, Defenses, and Relevant Issues**

   **A.  Plaintiffs**

Defendant falsely stated at a presidential debate in front of 67 million Americans that Plaintiffs "pled guilty" to sexually assaulting and "kill[ing] a person." Not only are these statements false and defamatory, but Defendant omitted the fact that Plaintiffs were conclusively exonerated of any crimes related to the assault over 20 years ago. Defendant's statements are also part of an ongoing pattern of extreme and outrageous conduct dating back decades and thus constitutes a continuing tort. Plaintiffs have suffered injuries due to Defendant's conduct, including severe emotional distress and reputational harm, and bring claims for defamation, false light, and intentional infliction of emotional distress.

Defendant has filed a letter indicating that he intends to file a motion to dismiss. ECF No. 22. The parties have agreed that Defendant must file said motion or otherwise respond to the Complaint on

or before December 11, 2024. ECF No. 15. Plaintiffs intend to oppose the motion in its entirety for the reasons set forth in Plaintiffs' response letter, ECF No. 23. The parties agree that Plaintiff's response brief is to be filed on or before January 8, 2025.

Plaintiffs will need to conduct discovery on, among other things, Defendant's past statements and conduct relating to Plaintiffs, including both public and private communications, as well as the reach and impact of Defendant's statements and conduct.

### B.  Defendant

During a Presidential debate, President-Elect Donald Trump responded to a remark regarding a 1989 ad he placed in newspapers after a series of violent attacks in Central Park.  President-Elect Trump's statements were made in the context of moderator questions about public safety and criminal justice.

President-Elect Trump's complained of debate comments were constitutionally protected under the First Amendment and Pennsylvania's Anti-SLAPP statute as they pertained to matters of public concern, including crime and justice. *See* ECF 21, Defendant's letter requesting pre-motion conference. He expressed his opinions regarding a notorious 1989 crime and the subsequent public discourse surrounding it, his opinions lacked any provable false assertions as they reflected his understanding of the facts in 1989, and his statement was substantially true. Further, his comments were not defamatory and did not place the Plaintiffs in a false light as they lack defamatory sting. Finally, Plaintiffs failed to meet the pleading requirements for intentional infliction of emotional distress because President-Elect Trump's claims were not extreme or outrageous, and Plaintiffs failed to plead the medically documented physical symptoms necessary for a claim.

Defendant believes these threshold issues will result in complete dismissal of Plaintiffs' claims. Should any of Plaintiffs' claims survive, Defendant will need to conduct discovery

regarding the 1989 crimes at issue; Plaintiffs' confessions, conviction, and exoneration; and Plaintiffs' damages.

**Initial and Informal Disclosures**

**A.  Plaintiffs**

Pursuant to the Court's Policies and Procedures, Plaintiffs' Initial Disclosures pursuant to Fed. R. Civ. P. 26 have been, or will be, provided to Defendant before the Rule 16 conference. The information includes the identification of individuals that Plaintiffs may use to support claims or defenses and the identification of documents that Plaintiffs may use to support claims or defenses.

**B.  Defendant**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, President-Elect Donald Trump is the only individual known to Defendant to likely have discoverable information relevant to the claims or defenses in this action.

**2.    Formal Discovery**

Discovery shall commence on all discoverable issues simultaneously. At this stage of the litigation, the parties do not believe that they will need to exceed the standard number of interrogatories and depositions provided for in the Federal Rules of Civil Procedure. The parties anticipate depositions of Plaintiffs, Defendant, and an unknown number of third parties concerning, among other topics, Defendant's past conduct and statements concerning Plaintiffs and the alleged harm to Plaintiffs.

The Parties agree that the time period for responding to discovery requests will not begin to run until the Court has ruled on Defendant's forthcoming Motion to Dismiss. Should any claims remain after this Court issues a decision on Defendant's motion, the Parties propose the following discovery schedule based on date of entry of the Court's order on Defendant's Motion to Dismiss:

- Answer: 30 days after Court's order denying, in whole or in part, Defendant's forthcoming Motion to Dismiss

- End of fact discovery: 180 days after Answer is filed

- Initial expert reports: 30 days after the close of fact discovery

- Rebuttal expert reports: 30 days after initial expert reports

- Dispositive motions and *Daubert* motions: 30 days after rebuttal expert reports

- Responses to dispositive motions and *Daubert* motions: 30 days after dispositive motions

**3.    Electronic Discovery**

The Parties do not currently anticipate any issues concerning e-discovery and agree to the Court entering an order incorporating default standards until such time as the parties agree to another e-discovery protocol.

**4.    Expert Witness Disclosures**

The Parties' proposed schedule for expert witness disclosures is outlined in Section 2 above. As set forth above, expert reports will be exchanged simultaneously rather than staggered.

**5.    Early Settlement or Resolution**

The parties have discussed settlement and resolution and do not believe there is a prospect of early resolution at this time. As part of any settlement or resolution, Plaintiffs demand that Defendant formally retract his statements and publicly apologize for his conduct.

**6.    Trial Date**

The parties expect to be ready for trial within eighteen (18) months of the Court's ruling on Defendant's Motion to Dismiss, consistent with the proposed schedule outlined above.

**Date: December 2, 2024**

**Respectfully Submitted:**

**/s/Alex Van Dyke**

Alex Van Dyke
alex.vandyke@klinespecter.com
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

**Counsel for Plaintiff(s)**

**/s/Karin M. Sweigart**

Karin M. Sweigart
ksweigart@dhillonlaw.com
Dhillon Law Group Inc.
177 Post St., Suite 700
San Francisco, CA 94108

**Counsel for Defendant**