IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUSEF SALAAM,<br>ANTRON BROWN,<br>KEVIN RICHARDSON,<br>RAYMOND SANTANA, and<br>KOREY WISE,<br><br>                Plaintiffs,<br>  v.<br><br>DONALD J. TRUMP,<br><br>                Defendant. | Case No. 2:24-cv-005560-WB |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*</u>**

Non-Parties the ACLU of Pennsylvania, Americans for Prosperity Pennsylvania, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Institute for Free Speech, Pennsylvania Association of Broadcasters, Pennsylvania NewsMedia Association, Radio Television Digital News Association, Reporters Committee for Freedom of the Press, and Student Press Law Center respectfully move for leave to file the accompanying proposed brief as *amici curiae* in the above-captioned matter in connection with Defendant Donald J. Trump's motion to dismiss.  Defendant's motion is one of the first to invoke the recently enacted Pennsylvania Uniform Public Expression Protection Act ("PA-UPEPA"), which aims to protect speakers in Pennsylvania from meritless lawsuits.  *Amici* are ten organizations with free speech interests who advocated for the passage of PA-UPEPA.  Their proposed brief addresses only PA-UPEPA's applicability in federal court and takes no position on the merits of this case or the pending motion to dismiss.

This Court may permit the filing of an *amicus curiae* brief when, among other things, the *amici* have a "special interest" in the case and when "the proffered information is timely and useful." *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (quotation marks omitted). Participation by *amici* is especially proper where "an issue of general public interest is at stake." *Id*.

The parties' briefing poses an important question: whether PA-UPEPA's substantive immunity and fee-shifting provisions apply in federal courts sitting in diversity jurisdiction. *Amici*, who have a distinct interest in the proper application of PA-UPEPA, submit the proposed brief to help answer this question. Their brief demonstrates that the law applies in federal court through a detailed analysis of the relevant legal principles and PA-UPEPA's unique text and structure. *See Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998) (accepting *amicus* brief that would "aid the Court in its understanding of the issues before it"). This analysis is particularly useful given that no court has ruled on PA-UPEPA's applicability in federal court. As this Court could be the first to address that issue, its decision is manifestly important to future cases.

Further, the public interest in the proper application of the law is evident. PA-UPEPA was enacted to curb "a disturbing increase in lawsuits primarily to chill the valid exercise of protected public expression" and seeks to "encourage continued participation in matters of public significance." 42 Pa.C.S.A. § 8340.12. *Amici*, as advocates for these same interests and proponents for the law's passage, can provide useful guidance on ensuring the law's goals are achieved. In particular, as explained in the proposed brief, one of the reasons *amici* advocated for PA-UPEPA's enactment was that its substantive immunity and fee-shifting provisions would apply uniformly in state and federal court.

The Court may also consider whether *amici* are "not partial to a particular outcome in the case." *See, e.g.*, *Liberty Res.*, 395 F. Supp. 2d at 209.  While *amici* share a strong interest in the uniform application of PA-UPEPA, they take no position on Defendant's motion.

## CONCLUSION

For the foregoing reasons, the ACLU of Pennsylvania, Americans for Prosperity Pennsylvania, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Institute for Free Speech, Pennsylvania Association of Broadcasters, Pennsylvania NewsMedia Association, Radio Television Digital News Association, Reporters Committee for Freedom of the Press, and Student Press Law Center respectfully request that the Court accept their proposed *amicus curiae* brief.

Dated:  January 15, 2025

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Michael Berry*
      Michael Berry
      Kaitlin M. Gurney

1735 Market Street, 51st Floor
Philadelphia, PA 19103
T:  (215) 665-8500
F:  (215) 864-8999
berrym@ballardspahr.com
gurneyk@ballardspahr.com

*Attorneys for* Amici Curiae