UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUSEF SALAAM,<br>ANTRON BROWN,<br>KEVIN RICHARDSON,<br>RAYMOND SANTANA, and<br>KOREY WISE,<br><br>                Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP,<br><br>                Defendant. | Case No. 2:24-cv-05560-WB |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE***

      On January 15, 2025, various non-party media organizations, trade associations, and non-profits ("Movants") filed a motion for leave to file an *amicus* brief in this matter. Plaintiffs respectfully request that the Court deny the motion.

      Movants' brief is nothing more than a bullying effort to advance Movants' own business interests by deterring victims of wrongful conduct from seeking redress in the courts. Movants "take[] no position" on Defendant's Rule 12(b)(6) motion to dismiss—which is the only motion pending in this case—and thus their participation as amici would be unhelpful and unnecessary to resolving the actual issues before the Court. Instead, Movants apparently want this Court to issue an advisory opinion stating that defamation plaintiffs in federal court are subject to the attorney's fees provision of Pennsylvania's anti-SLAPP statute.

      Because Defendant has not moved for attorney's fees, Movants' proposed *amicus* brief is plainly premature and intended only to intimidate potential plaintiffs from bringing similar

1

lawsuits in the future. Plaintiffs will not be deterred from exercising their right to seek redress in federal court. And because Plaintiffs have stated a claim upon which relief can be granted, any discussion of Pennsylvania's anti-SLAPP statute is moot, as discussed in Plaintiffs' opposition to Defendant's motion to dismiss.

The relevant factors all weigh heavily against permitting Movants from inserting themselves into this case as amici. *First*, Movants do not claim any "special interest" in this litigation; they assert only generalized "free speech interests." *Second*, Defendant is already competently represented by counsel with experience in this area of law and has already advanced the same position espoused by Movants. *Third*, Movants' proposed *amicus* brief takes no position on and is not useful in resolving the only motion actually pending before the Court—Defendant's Rule 12(b)(6) motion to dismiss. *Fourth*, Movants are not impartial to this litigation; they represent media organizations with a business interest in silencing victims of defamation by discouraging lawsuits like this one.

I. **LEGAL STANDARD**

"Courts in this district routinely deny *amicus* participation when it is unnecessary and the interests of the *amicus* are adequately protected in the case." *Panzer v. Verde Energy USA, Inc.*, No. CV 19-3598, 2021 WL 2186422, at *1 (E.D. Pa. May 27, 2021) (collecting cases). In deciding whether to grant leave to file an *amicus* brief, courts consider whether: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Id.* (quoting *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)).

**II.    ARGUMENT**

All four factors weigh heavily against granting leave for Movants to participate as amici.

**A.    Movants have no special interest in this litigation.**

Movants do not have a special interest in this litigation. They do not, for example, claim to have any property interest at stake or any relationship with any of the parties. Instead, movants assert only that they are "organizations with free speech interests who advocated for the passage of PA-UPEPA." ECF-1 at 1. But generalized "free speech interests" fall far short of the "special interest" required to warrant amicus participation.

For example, *Panzer* was a class action lawsuit in which the court requested briefing from the parties on whether the named plaintiff could adequately represent the interests of the putative class. *Panzer*, 2021 WL 2186422, at *1. The public interest law firm Public Justice sought leave to file an *amicus* brief arguing that the named plaintiff was an adequate class representative and that the case should be allowed to proceed. *Id.* Public Interest claimed to have a "special interest" in ensuring that injured individuals have access to the courts via class action lawsuits. *Id.* at *2. The court rejected this argument and denied leave, noting that "Public Justice has at most shown a generalized interest in preserving access to justice through class actions, which is insufficient to justify its participation in this case." *Id.*; *see also Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999) ("[T]he Trust is merely a trade association with a generalized interest in all cases related to school district liability and insurance. This is not the kind of special interest that warrants amicus status.").

Here, too, movants' purported "free speech interests" are far too generalized to warrant amicus status in this case.

3

### B. Movants' position is already competently represented.

Movants' position is that the PA-UPEPA applies in federal court. Defendant has already extensively briefed this issue in both his motion to dismiss and his reply brief. Should Defendant prevail on his motion to dismiss, he has stated his intention to file a separately noticed motion for attorney's fees, in which he would again have the opportunity to brief the issue. And because Movants attached their proposed *amicus* brief as an exhibit to the instant motion, Defendant would be free to consider and advance all the same arguments put forward by Movants. Thus, there is no need for Movants' participation. *See Panzer*, 2021 WL 2186422, at *1 (denying amicus participation because "[t]here is no need to reiterate what [Defendant's] attorneys have already presented"). It is also worth noting that Defendant has retained the Dhillon Law Group to defend him in this matter, and the firm has experience defending defamation defendants and litigating the applicability of state anti-SLAPP statutes—including specifically in defamation cases brought against Defendant Trump. "In light of [defense counsel's] experience with this area of law and this particular action, there appears little need for additional assistance by outside organizations." *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2000 WL 1100784, at *4 (E.D. Pa. Aug. 7, 2000) (denying motion for leave to file amicus brief).

In sum, Defendant is already competently represented by counsel, and it is in his interest to advance Movants' position—as he has already done in his motion to dismiss briefing and intends to do again in a separately noticed motion for attorney's fees. Movants' participation in this case is therefore unnecessary.

### C. Movants' brief would not be useful to resolving the only motion before the Court.

For leave to be warranted, Movants must show that their brief would be useful to resolving the issue before the Court. Here, the issue before the Court is Defendant's motion to dismiss. Yet

Movants concededly "take[] no position on the merits of this case *or the pending motion to dismiss*." ECF No. 30-1 at 1 (emphasis added). That should resolve the matter. The only relief Defendant is currently seeking is dismissal of Plaintiffs' claims. If the Court denies Defendant's motion to dismiss, the issue of attorney's fees or the applicability of the PA-UPEPA will be moot. A brief that takes no position on the only motion currently pending before the court is not useful. *Panzer*, 2021 WL 2186422, at *3 ("Because the proposed *amicus* brief does not address this specific issue substantively, it is not useful."); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 83 (D.N.J. 1993) ("To the extent the information and arguments presented by [proposed amici] are not repetitious, they are irrelevant to the determination of the issues [before the Court].").

      **D.**      **Movants are not impartial.**

Movants include, *inter alia*, trade organizations representing media corporations such as the Pennsylvania Association of Broadcasters, Pennsylvania NewsMedia Association, and Radio Television Digital News Association. These groups have an interest in discouraging defamation lawsuits brought against their members. One way in which these trade groups attempt to discourage defamation lawsuits is by advocating for the passage of anti-SLAPP statutes like the PA-UPEPA and arguing for their broad application. *See* ECF No. 30-1 at 1. These trade groups' obvious partiality weighs heavily against permitting them to participate as amici. *See Sciotto*, 70 F. Supp. 2d at 555 ("Where amici represent[] business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it, amicus participation is not appropriate.") (internal quotation marks omitted).

## IV.     CONCLUSION

Plaintiffs respectfully request that the Court deny Movants' motion for leave to file an *amicus* brief.

Dated: January 16, 2024								Respectfully Submitted,

By:     /s/ Shanin Specter
Shanin Specter, Esquire (No. 40928)
Alex Van Dyke, Esquire (No. 334456)
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
shanin.specter@klinespecter.com
alex.vandyke@klinespecter.com
*Lead Counsel for All Plaintiffs*

Jane Fisher, Esquire, *pro hac vice*
David Fisher, Esquire, *pro hac vice*
FISHER & BYRIALSEN, PLLC
99 Park Avenue
New York, NY 10016

Hollis Whitson, Esquire, *pro hac vice*
SAMLER & WHITSON, P.C.
1600 Stout St. Suite 1400
Denver, CO 80202
(303) 670-0575
hollis@samlerandwhitson.com
*Co-Counsel for Plaintiff Wise*

Jonathan C. Moore, Esquire, *pro hac vice*
Marc Cannan, Esquire, *pro hac vice*
BELDOCK LEVINE & HOFFMAN, LLP
99 Park Avenue
New York, NY 10016
(212) 490-0400
jmoore@blhny.com
mcannan@blhny.com
*Co-Counsel for Plaintiffs Salaam, Santana, Richardson & Brown*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within was served upon all parties of record via the electronic filing system.

Respectfully Submitted,

By:      */s/ Shanin Specter*
Shanin Specter, Esquire (No. 40928)
Alex Van Dyke, Esquire (No. 334456)
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
shanin.specter@klinespecter.com
alex.vandyke@klinespecter.com
*Lead Counsel for All Plaintiffs*