UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUSEF SALAAM, et al.,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>DONALD J. TRUMP,<br><br>*Defendant*. | Case No. 2:24-cv-05560-WB |

**MEMORANDUM IN SUPPORT OF DEFENDANT DONALD J. TRUMP'S MOTION FOR ATTORNEY FEES, COURT COSTS, AND EXPENSES OF LITIGATION**

**INTRODUCTION**

On April 10, 2025, this Court issued its Memorandum Opinion (Dkt. 37) partially granting President Trump's Motion to Dismiss as to Plaintiff's Defamation by Implication and Intentional Infliction of Emotional Distress claims. The Court determined that, for those two causes of action, Plaintiffs failed to state a cause of action upon which relief can be granted. Under 42 Pa.C.S. § 8340.15, "a person is immune from civil liability for a cause of action based on protected public expression" if the party fails to "state a cause of action upon which relief can be granted." Further, if a party is found immune under 42 Pa.C.S. § 8340.15, "the court shall award the party attorney fees, court costs and expenses of litigation jointly and severally against each adverse party that asserted the cause of action." In his Motion to Dismiss (Dkt. 26-1), President Trump asserted, and Plaintiffs did not contest, that the speech at issue in this litigation was based on protected public expression. By virtue of this Court granting President Trump's Motion to Dismiss for Plaintiff's Defamation by Implication and IIED claims, President Trump now has immunity as contemplated

1

in 42 Pa.C.S. § 8340.15. Thus, President Trump here seeks the fees and costs to which he is entitled under 42 Pa.C.S. § 8340.18.

## ARGUMENT

### I.     Pennsylvania's Anti-SLAPP Statute

Pennsylvania's anti-SLAPP statute is designed to protect free speech on matters of public concern by granting immunity from civil liability and mandating an award of attorney's fees for defendants subjected to meritless litigation.[1] The substantive parts of the anti-SLAPP statute provide that "a person is immune from civil liability for a cause of action based on protected public expression" if plaintiff "fails to establish a prima facie case as to each essential element of the cause of action" or "fails to state a cause of action upon which relief can be granted," or if there is "no genuine issue as to any material fact" and a defendant is entitled to judgment as a matter of law. 42 Pa.C.S. § 8340.15. An order deciding an anti-SLAPP motion is immediately appealable. *Id.* § 8340.17. A party found immune for any cause of action under Pennsylvania's anti-SLAPP statutes shall be awarded his attorney fees, costs and expenses. *Id.* § 8340.18.[2]

Federal courts sitting in diversity are required to apply state substantive laws that do not conflict with federal rules. This mandate derives from the *Erie* doctrine and is intended to discourage forum-shopping and avoid inequitable administration of the law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

---

[1] H.B. 1466, 2023 Gen. Assemb., Reg. Sess. (Pa. 2023), https://www.legis.state.pa.us/CFDOCS/Legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=2023&sessInd=0&billBody=H&billTyp=B&billNbr=1466&pn=3487.

[2] President Trump incorporates in full his Motion to Dismiss (Dkt 26-1) discussing the applicability of Pennsylvania's anti-SLAPP law to federal courts sitting in diversity jurisdiction and the reasons why it applies in this case.

## II. President Trump meets his initial burden under the anti-SLAPP statute because he is being sued for a matter of public interest.

Pennsylvania's anti-SLAPP law provides immunity from civil liability for any claim based on "protected public expression" which includes statements made on a matter of public concern. 42 Pa. C.S. §§ 8340.15; 8340.13(3). It is well settled that "[s]peech is of public concern when it can 'be fairly considered as relating to any matter of political, social, or other concern to the community.'" *Snyder v. Phelps,* 562 U.S. 443, 453 (2011) (citing *Connick v. Myers,* 461 U.S. 138, 146 (1983)), "or when it 'is a subject of general interest and of value and concern to the public.'" *Id.* (citing *San Diego v. Roe,* 543 U.S. 77, 83–84 (2004)).

Statements made by a candidate for the nation's highest political office relating to crime, policing, punishment, and "race and politics in this country" constitute speech on "matters of public concern."[3] Compl., ¶ 42. As President Trump is being sued for his "protected public expression," he will be immune from civil liability under Pennsylvania law if Plaintiffs fail to state a cause of action on which relief can be granted. *See* §8340.15(1)(ii).

## III. President Trump seeks reasonable fees and costs.

In statutory fee-shifting cases, courts use the lodestar method to assess whether the proposed attorneys' fees are reasonable. *See S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP,* 927 F.3d 763, 773 (3d Cir. 2019). Pursuant to the lodestar method, the district court multiplies the number of hours the attorneys "reasonably worked on a client's case by a reasonable hourly billing

---

[3] *See, e.g., Fenico v. City of Philadelphia,* No. 20CV3336, 2024 WL 4591798, at *10 (E.D. Pa. Oct. 28, 2024) (Speech involving policing, crime, and punishment is a "subject of general interest and of value and concern to the public."); *Bowley v. City of Uniontown Police Dep't*, 404 F.3d 783, 787-88 (3d Cir. 2005) ("[T]he commission and investigation of violent crimes ... are matters of 'paramount public import.'") (quoting *Fla. Star v. B. J. F.*, 491 U.S. 524, 536-37 (1989)); *Arkansas Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 693 (1998) (discussing a televised debate, holding that the First Amendment "has its fullest and most urgent application precisely to the conduct of campaigns for political office").

rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." *Id.* (cleaned up). The party seeking attorneys' fees must "submit evidence supporting the hours worked and rates claimed" and has the burden of proving that its request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (cleaned up). "[T]he party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Id.* (citation omitted). When hourly rates are disputed, "the district court must conduct a hearing to determine the reasonable market rates." *Planned Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J.*, 297 F.3d 253, 266 (3d Cir. 2002) (cleaned up).

**A. Dhillon Law Group's counsel and staff rates are community market rates.**

The Third Circuit has adopted the "community market rate" rule for determining a reasonable billing rate. *Student Public Interest Research Group of N.J., Inc. v. AT&T Bell Lab.*, 842 F.2d 1436, 1447 (3d Cir. 1988) (hereinafter "*SPIRG*"). The rule requires "affidavits from attorneys in the community who possess comparable qualifications and skill." *Id.* In addition to peer affidavits, the Court may consider the fee applicant's current billing rates, *SPIRG*, 842 F.2d at 1445, as well as decisions by other courts awarding fees to the same attorneys for similar work. See *SPIRG*, 842 F.2d at 1445; *Black Grievance Committee v. Phila. Elec. Co.*, 802 F.2d 648, 652 (3d Cir. 1986).

President Trump is entitled to reasonable attorney's fees and costs under 42 Pa.C.S. § 8340.18. Ms. Sweigart has submitted a declaration setting forth her qualifications and that of her staff who worked on this matter. Declaration of Karin M. Sweigart ("Sweigart Decl."). Ms. Sweigart graduated from law school in 2005. *Id.* at ¶ 3. She is a nationally recognized leader in anti-SLAPP and the First Amendment. *Id.* at ¶ 4. She has been called on to litigate defamation and anti-SLAPP cases across the nation, including in California, New York, Washington, D.C.,

4

Missouri, Texas, Georgia, Arizona, and Pennsylvania. *Id*. She has also offered the affidavit of attorneys John Reeves and Mark Meuser who have similar practice areas and testify that Ms. Sweigart's requested rate of $750 per hour and the hourly rates of her colleagues Associate Jacob Roth ($500 per hour), Law Clerk Amber Hulse ($300 per hour), and Paralegal Travis Yokoyama ($300 per hour) are within the community market rates for attorneys and staff of their qualifications. Declaration of John Reeves at ¶¶ 1–9; Declaration of Mark Meuser at ¶¶ 1–7.

**B. Dhillon Law Group's counsel and staff spent reasonable hours on the motion and properly exercised billing judgment.**

"In the private sector, 'billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (cleaned up). This is a novel case and the first time Pennsylvania's new anti-SLAPP law has been tested in federal court. As there is not existing case law to call upon, Ms. Sweigart and colleagues had to broaden research to make persuasive legal arguments based on the law as tested in other jurisdictions. Sweigart Decl. at ¶ 4. Even so, Ms. Sweigart exercised billing judgment to arrive at a reasonable fee request for the two dismissed causes of action. In addition to limiting duplicate billing entries, Ms. Sweigart heavily discounted rates to account for the partial grant of President Trump's motion. Sweigart Decl. at ¶¶ 4, 8, Exh. 1. The total attorney's fees requested in this matter are $50,439.10. *Id.*

**C. The requested costs are reasonable.**

In addition to awarding reasonable attorneys' fees, 42 Pa.C.S. § 8340.18 also calls for prevailing immune parties to recover court costs and expenses of litigation. Here, as with the exercise of billing judgment shown for attorney's fees, President Trump only requests legal

research fees for 1/3 of the total amount spent. Sweigart Decl., ¶ 12, Exh. 2. Ms. Sweigart and Ms. Hulse both attended the hearing on President Trump's motion, but President Trump only seeks the costs for Ms. Sweigart's travel and expenses. *Id.* Ms. Sweigart's travel costs and expenses were reasonable: including air travel, two nights at a hotel, and related costs for food and drink. *Id.* The total costs requested are $2,828.46. *Id.*

## CONCLUSION

For these reasons, President Trump respectfully requests that this Court award him attorney's fees in the amount of $50,439.10, and costs and expenses in the amount of $2,828.46, for a total of $53,267.56.

Dated: April 24, 2025                                                                 Respectfully submitted,

By: /s/ Karin M. Sweigart
Karin M. Sweigart (PA No: 247462)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
Facsimile: 415-520-6593
ksweigart@dhillonlaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this action.

Dated:  December 11, 2024

                                              By:  /s/ Karin M. Sweigart