**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

YUSEF SALAAM, et al.,                )
                                     )
            Plaintiffs,              )
                                     )
    v.                               )            Civil Case No. 2:24-cv-05560
                                     )
DONALD J. TRUMP,                     )
                                     )
            Defendant,               )
                                     )
_____  )

**OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO DEFENDANT DONALD J. TRUMP**


        Pursuant to the Federal Rules of Civil Procedure, Rule 33, President Donald J. Trump

("Responding Party"), by and through Counsel, Dhillon Law Group Inc., hereby responds to

Plaintiffs Yusef Salaam, Raymond Santana, Kevin Richardson, Antron Brown, and Korey Wise's

("Propounding Party") First Set of Interrogatories. Responding Party's responses are made subject

to the following general objections:

**<u>PRELIMINARY STATEMENT</u>**

        1.      Responding Party's investigation and development of all facts and circumstances

relating to this action is ongoing. These responses and objections are made without prejudice to,

and are not a waiver of, Responding Party's right to rely on other facts or documents at trial.

        2.      By making the accompanying responses and objections to Plaintiff's

interrogatories, Responding Party does not waive, and hereby expressly reserves, its right to assert

any and all objections as to the admissibility of such responses into evidence in this action, or in

any other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

materiality, and privilege. Further, Responding Party makes the responses and objections herein without in any way implying that it considers the requests and responses to the requests to be relevant or material to the subject matter of this action.

3.      Responding Party will produce responsive documents and information only to the extent that such documents and information are in his possession, custody, or control, as set forth in the Federal Rules of Civil Procedure.

4.      A response to an interrogatory stating objections and/or indicating that documents or information will be produced shall not be deemed or construed that there are, in fact, responsive documents or information, that Responding Party performed any of the acts described in the interrogatory or definitions and/or instructions applicable to the interrogatory, or that Responding Party acquiesces in the characterization of the conduct or activities contained in the interrogatory or definitions and/or instructions applicable to the interrogatory.

5.      Responding Party expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

1.      Responding Party objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    Responding Party objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.    Responding Party objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Responding Party occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.    Responding Party objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that is readily or more accessible to Plaintiffs from Plaintiffs' own files, from documents or information in Plaintiffs' possession, from documents or information that is publicly available, or from documents or information that Responding Party previously produced to Plaintiffs. Responding to such interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Responding Party as for Plaintiffs. All such documents and information will not be produced.

5.    Responding Party incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Responding Party does not waive his right to amend his responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiff objects to Definition No. 3 to the extent that it would define requests to include information and records protected by the attorney-client privilege, attorney work product privilege, or any other applicable privilege.

2.    Responding Party objects to Definition No. 8 regarding "document" or "documents" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### Interrogatory No. 1:

*Identify all persons involved in the publication of your 1989 advertisement regarding the Central Park Assaults, including but not limited to individuals involved in deciding to place an advertisement, drafting the advertisement, editing the advertisement, and approving the advertisement for publication.*

### Response:

Responding Party objects to Interrogatory No. 1 as unduly burdensome and overly broad, not relevant to any party's claim or defense, and disproportional to the needs of the case. Those connected with the 1989 advertisement are not relevant to determining any fact at issue related to an alleged defamatory statement from 2024. Even if the 1989 advertisement were somehow relevant, the identities of all individuals involved in the functional tasks of placing, drafting, editing, and approving the advertisement, regardless of their interaction with Responding Party could have no bearing on this litigation. The request is also oppressive to the extent it seeks extensive information about the publication of a single advertisement from over 35 years ago, for which records and information are highly unlikely to still exist or be accessible. The burden or expense of the proposed discovery greatly outweighs its likely benefit.

### Interrogatory No. 2:

*Identify every publication and/or news outlet to which you submitted your 1989 advertisement regarding the Central Park Assaults or inquired about submitting the advertisement.*

**Response:**

Responding Party objects to Interrogatory No. 2 as unduly burdensome and overly broad, not relevant to any party's claim or defense, and disproportional to the needs of the case. Publications reviewing the 1989 advertisement are not relevant to determining any fact at issue related to an alleged defamatory statement from 2024 and could have no bearing on this litigation. The request is also oppressive to the extent it seeks extensive information about the publication of a single advertisement from over 35 years ago, for which records and information are highly unlikely to still exist or be accessible. The burden or expense of the proposed discovery greatly outweighs its likely benefit.

**_Interrogatory No. 3:_**

**_Identify all persons involved in the publication of your 2014 op-ed titled "Donald Trump: Central Park Five settlement is a 'disgrace,'" including individuals involved in deciding to write the op-ed, drafting the op-ed, editing the op-ed, and approving the op-ed for publication._**

**Response:**

Responding Party objects to Interrogatory No. 3 as unduly burdensome and overly broad, not relevant to any party's claim or defense, and disproportional to the needs of the case. The only material issue for which the 2014 op-ed is possibly relevant is Responding Party's state of mind and intent in seeking to have it published, and that is if the Court fails to dismiss Plaintiffs' IIED claims as a part of the pending motion to dismiss Plaintiffs' First Amended Complaint. The identities of all individuals involved in the functional tasks of editing and approving the op-ed, regardless of their interaction with Responding Party or knowledge of his state of mind about the advertisement, are thus irrelevant to the issues in dispute in this litigation.

**_Interrogatory No. 4:_**

**_Identify every publication and/or news outlet to which you submitted the 2014 op-ed or inquired about submitting the op-ed._**

**Response:**

Responding Party objects to Interrogatory No. 4 as unduly burdensome and overly broad, not relevant to any party's claim or defense, and disproportional to the needs of the case. The only material issue for which the 2014 op-ed is possibly relevant is Responding Party's state of mind and intent in seeking to have it published and that is if the Court fails to dismiss Plaintiffs' IIED claims as a part of the pending motion to dismiss Plaintiffs' First Amended Complaint. The list of any publications or news outlets to which the op-ed was either submitted for publication or to which an inquiry was made about submitting the op-ed is not probative of this issue or any other material issue in this litigation.

**_Interrogatory No. 5:_**

**_Identify all persons who assisted you in operating your social media accounts, including but not limited to, creating or responding to social media posts, from the years 2013 to 2016._**

**Response:**

Responding objects to Interrogatory No. 5 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and disproportional to the needs of the case. The only issue for which the operation of Responding Party's social media account between 2013 and 2016 is relevant is the authorship of specific posts identified in the Amended Complaint (*see* FAC ¶¶ 80, 84-85). Plaintiffs' request is thus extraordinarily and oppressively broad, seeking information about the operation of Responding Party's social media posts for an entire three-year span, during which Responding Party used social media extensively to successfully run for election as President of the United States. The scope of information sought far exceeds what is relevant to the limited issue of authorship of the set of X posts identified in the Amended Complaint and would only serve to harass, oppress, and annoy Responding Party without serving any legitimate discovery purpose.

///

<u>***Interrogatory No. 6:***</u>

***Identify all persons with whom you discussed the Central Park Assaults or Plaintiffs in preparation for the 2024 presidential debates.***

<u>**Response:**</u>

Responding Party objects to Interrogatory No. 6 as vague and overly broad, especially as it fails to define a limited time period for the request.

Subject to and not waiving any of these objections, Responding Party states that, after a reasonable and diligent effort to recall, Responding Party is unable to remember the specific details requested in this interrogatory.

<u>***Interrogatory No. 7:***</u>

***Identify all persons with whom you discussed the comments you made about the Central Park Assaults or Plaintiffs at the September 10, 2024 presidential debate following the debate.***

<u>**Response:**</u>

Responding Party objects to Interrogatory No. 7 as vague and overly broad and to the extent it seeks information protected by the attorney-client privilege and work-product privilege.

Subject to and not waiving any of these objections, Responding Party states that, after a reasonable and diligent effort to recall, Responding Party is unable to remember the specific details requested in this interrogatory.

<u>***Interrogatory No. 8***</u>:

***Identify all witnesses who will be called by you at trial, including fact and expert witnesses, and state the subject matter on which each is expected to testify.***

<u>**Response:**</u>

Responding Party objects to Interrogatory No. 8 as premature to the extent that Responding Party has not completed his trial preparations and so cannot provide an accurate answer to this request. Responding Party will supplement.

### *Interrogatory No. 9*:

*Identify all documents that you contend support your defenses in this matter, and for each, state the nature of the document, its author, date, and present custodian. For any documents identified, please state in the affirmative that it is documentary evidence which will be presented by you at trial.*

### **Response:**

Responding Party objects to Interrogatory No. 9 as premature to the extent that Responding Party has not completed his trial preparations and so cannot provide a complete answer to this request. Responding Party will supplement.

### *Interrogatory No. 10*:

*Identify the name(s) and address(es) of each person assisting, participating and/or providing information in the completion of these Interrogatories.*

### **Response:**

Responding Party objects to Interrogatory No. 10 to the extent it seeks information protected by attorney-client privilege and work product privilege. Subject to and not waiving any of these objections, Responding Party states that Responding Party was assisted by counsel.

Dated: July 9, 2025                    Respectfully submitted,

/s/ Karin Sweigart
Karin M. Sweigart
DHILLON LAW GROUP
177 Post Street, Suite 700
San Francisco, CA 94108
ksweigart@dhillonlaw.com