IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YUSEF SALAAM, RAYMOND SANTANA, KEVIN RICHARDSON, ANTRON BROWN AND KOREY WISE,**<br>    **Plaintiffs,** | **CIVIL ACTION** |
| v. | NO. 24-5560 |
| **DONALD J. TRUMP,**<br>    **Defendant.** | |

**O R D E R**

  **AND NOW**, this 14th day of August, 2025, upon consideration of Defendant's Motion to Stay Pending Appeal (ECF No. 51, 53), as well as Plaintiffs' Response in Opposition thereto (ECF No. 52), it is **HEREBY ORDERED** that Defendant's Motion is **GRANTED**.[1]

                 **BY THE COURT:**

                 **/S/ WENDY BEETLESTONE**
                 _____
                 **WENDY BEETLESTONE, C.J.**

---

[1] Plaintiffs Yusef Salaam, Raymond Santana, Kevin Richardson, Antron Brown, and Korey Wise sued Defendant Donald J. Trump for comments he made about them before and during the 2024 Presidential Election cycle. Throughout this litigation, Defendant has invoked Pennsylvania's Uniform Public Expression Protection Act, otherwise known as its Anti-Strategic Lawsuits Against Public Participation Statute (Pennsylvania's "Anti-SLAPP Statute," or "the Statute"), 42 Pa. Cons. Stat. § 8340.11, *et seq.* The Court previously determined that the Statute does not apply in federal court. *See Salaam v. Trump*, 2025 WL 1789648 (E.D. Pa. June 27, 2025). Defendant appealed that decision, and his appeal is currently pending before the Third Circuit. *See Salaam v. Trump*, Case No. 25-2230 (3d Cir.).

Defendant now moves to stay the proceedings before the Court pending the outcome of the appeal. He argues, among other things, that a stay is warranted here because the Anti-SLAPP Statute's immunity provision—his invocation of which is currently on appeal—is an "immunity from suit" and not merely a defense to liability, such that allowing the case to proceed would irreparably deprive him of the benefit the immunity is meant to bestow.

Indeed, as both parties note, certain immunities—like absolute immunity for judges, or qualified immunity for other state actors—entitle their claimants "not to stand trial or face the other burdens of litigation;" in this sense, they are truly an "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Accordingly, when a court determines that a party is not entitled to one of these immunities as a matter of law, and the party claiming the immunity appeals, it is entitled to a stay pending the outcome of the appeal, provided that the claim of immunity is not frivolous. *See Forsyth v. Kleindienst*, 700 F.2d 104, 105 (3d Cir. 1983) (explaining that "a stay must be granted" when a denial of absolute immunity is appealed, or else the appellant "will be deprived the benefits" that immunity is meant to bestow); *Mitchell*, 472 U.S. at 527 (explaining that "the denial of qualified immunity . . . is effectively unreviewable on appeal from a final judgment" because the harm the immunity is meant to protect against—namely, the burdens of trial—"is effectively lost if a case is erroneously permitted to go to trial").

In his most recent Motion to Dismiss, Defendant argued that, under the Pennsylvania Anti-SLAPP statute, he was entitled to immunity on Plaintiffs' claims for intentional infliction of emotional distress and defamation-by-implication (in their Amended Complaint) because the Court had previously found that Plaintiffs had failed to state those claims in their original Complaint. *See* 42 Pa. Cons. Stat. § 8340.15 ("A person is immune from civil liability . . . [if] [t]he party asserting the cause of action . . . fails to . . . state a cause of action upon which relief can be granted."). The Court denied the Motion to Dismiss, though, "[b]ecause the Anti-SLAPP Statute"—including its immunity—"does not apply in federal court . . . ." Defendant argues that, because this immunity is akin to absolute and qualified immunity—*i.e.*, that it is an "immunity from suit," *Mitchell*, 472 U.S. at 526—he is entitled to a stay while he litigates his entitlement to that immunity on appeal. Plaintiffs, for their part, argue that the Statute's immunity is simply a defense to liability that could be vindicated post-trial—not an immunity from suit altogether—meaning that a stay is not necessary here.

To determine whether an immunity is an immunity from suit, as opposed to merely a defense to liability, courts ask "whether the essence of the claimed right is a right not to stand trial." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 524 (1988) (quotation omitted). Here, the text of the Anti-SLAPP statute itself suggests that the "essence" of its immunity is indeed "a right not to stand trial." *Id.* Although the Statute's immunity provision describes the immunity as an "immun[ity] from *liability*," 42 Pa. Cons. Stat. § 8340.15 (emphasis added)—not an immunity from *trial*—the text of this provision must not be considered in isolation. *See Abramski v. United States*, 573 U.S. 169, 179 n.6 (2014) ("[A] court should not interpret each word in a statute with blinders on, refusing to look at the word's function within the broader statutory context."). Elsewhere, the Statute provides explicitly that, when a party files a Motion to Dismiss on the grounds of the statutory immunity—as Defendant sought to do in this case—"all other proceedings in the action are stayed," including "discovery and the moving party's obligation to file a responsive pleading." 42 Pa. Cons. Stat. § 8340.16(e)(1). Barring certain limited exceptions—which Plaintiffs do not argue would apply here—this stay must "remain in effect until the order ruling on the motion becomes final," meaning, until "an appeal of the order" has been decided. 42 Pa. Cons. Stat. § 8340.16(e)(2); *see also* 42 Pa. Cons. Stat. § 8340.17 (providing that "an order granting, denying or otherwise determining immunity under this subchapter is immediately appealable"). These provisions collectively work to insulate immunity-claimants from the burdens of trial until such time as their entitlement to the immunity is conclusively decided.

Plaintiffs make no argument about the above-quoted portions of the Statute. Instead, they argue that, because a party's entitlement to the immunity requires a determination about the merits of their opponent's case—*i.e.*, since an immunity-claimant must first "litigate the merits of the case" before they can be found to be immune under the Statute—the Statute's immunity cannot be an immunity from suit. But the same could be said of qualified immunity, an inherently "fact-bound" doctrine the applicability of which usually cannot be determined until after discovery has occurred. *Stringer v. Cty. of Bucks*, 141 F.4th 76, 86 (3d Cir. 2025). So the fact that the applicability of the immunity "flows from a merits determination," as Plaintiffs put it, and thus may require some degree of litigation or discovery, does not mean that the immunity does not bestow "a right not to stand trial." *Van Cauwenberghe*, 486 U.S. at 524.

Plaintiffs also liken the Anti-SLAPP Statute's immunity to the application of the *Noerr-Pennington* doctrine in the First Amendment context, since both the Statute and that doctrine are designed to protect speech rights. They argue that, because the Third Circuit has determined that the *Noerr-Pennington* doctrine does not bestow immunity from suit, the same must be true in the context of the Statute's grant of immunity. *See WE, Inc. v. City of Philadelphia,*

2

*Dep't of Licenses & Inspections*, 174 F.3d 322, 327 (3d Cir. 1999) ("[C]ourts have never recognized . . . that an immunity from suit was necessary to prevent an unacceptable chill of . . . First Amendment rights."). But whether or not immunity from suit is "necessary" to avoid chilled speech is not the relevant question here. What matters is "whether the essence of the claimed right"—*i.e.*, the purpose and effect of the Anti-SLAPP Statute's immunity provision—"is a right not to stand trial." *Van Cauwenberghe*, 486 U.S. at 524. As explained above, that question is answered in the affirmative by the text and structure of the Statute itself. Accordingly, in recognition of the Court's "broad power to stay proceedings" in appropriate cases, *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir. 1976), Defendant's Motion to Stay this case pending the outcome of his appeal shall be granted.